UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JEROME W. BENNETT,                  :
                                    :
    Plaintiff,                     :   Civ. No. 15-5611 (NLH)
                                    :
  v.                                :   OPINION and ORDER
                                    :
DR. JOHN DOE I, et al.,             :
                                    :
    Defendants.                    :
_____ :

APPEARANCES:
Jerome W. Bennett, #302132C
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314
    Plaintiff Pro se

    Plaintiff Jerome W. Bennett, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983. (ECF No. 1).  This case was twice previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement or to submit a complete in forma pauperis application. (ECF Nos. 3, 6).  On or about September 14, 2015, Plaintiff submitted another application to proceed in forma pauperis (ECF No. 8), and the case was reopened for review by a judicial officer.  The Court finds that Plaintiff has submitted a complete application to proceed in forma pauperis and grants leave to proceed without prepayment of

fees. See 28 U.S.C. § 1915.  This case is subject to sua sponte screening by the Court, and the Complaint will be screened in due course.[1] See 28 U.S.C. §§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

    IT IS therefore on this __22nd____ day of September__, 2015,

    ORDERED that Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

    ORDERED that the Clerk of the Court shall file the Complaint; and it is further

    ORDERED that SUMMONS SHALL NOT ISSUE, at this time, as the Court's sua sponte screening has not yet been completed; and it is further

---

[1] The Court notes that Plaintiff has submitted a complaint as an attachment to his in forma pauperis application. (ECF No. 8-1). Ordinarily, when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). However, Plaintiff has not expressed any desire for this document to be construed as a Second Amended Complaint.  Moreover, an initial review of this document reveals that it substantially similar to the existing Amended Complaint (ECF No. 4) which appears on the docket.  The Court will further address this issue when it conducts its sua sponte screening.

2

ORDERED that that the time to serve process under FED. R. CIV. P. 4(m) is hereby extended to the date 120 days after the Court permits the Complaint to proceed; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of Southern State Correctional Facility; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that pursuant to Siluk v. Merwin, 783 F.3d 421 (3d Cir. 2015), as amended (Apr. 21, 2015), as amended (Apr. 28, 2015), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject

to a single, monthly 20% deduction, "and the cases and/or appeals that an inmate has filed [sha]ll be paid off sequentially," Siluk, 783 F.3d at 426 (emphasis in original); i.e., the first-filed case shall be paid off in full, then the second-filed case, etc., until all fees have been paid in full; and it is further

    ORDERED that, with respect to this case, when Plaintiff's fees become ripe for payment in accordance with Siluk, in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2) and each payment shall reference the civil docket number of this action.

                                        ____s/ Noel L. Hillman____
                                        NOEL L. HILLMAN
                                        United States District Judge

At Camden, New Jersey